IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VICKIE H. FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv1062-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff Vickie H. Floyd applied for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-433, 1381-1383c. Plaintiff's applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #10); Def.'s Consent to Jurisdiction (Doc. #9). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-two years old at the time of the hearing before the ALJ, and had an eighth-grade education. (Tr. 13). Plaintiff's past relevant work experience was as a newspaper stuffer, and as a stocker at Wal-Mart *Id*. At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 12). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: mechanical low back pain; bilateral plantar fasciitis with nodule formation; hypothyroidism; chronic sinusitis; asthma; and tension headaches. *Id*. However, the ALJ determined that neither Plaintiff's impairments, nor a combination of her impairments, meets or medically equals one of the listed impairments. *Id*. Next, the ALJ found that Plaintiff retained the RFC to perform a reduced range of sedentary work. *Id*. At Step 4, the ALJ found that Plaintiff is unable to perform past relevant work. (Tr. 18). Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that claimant can perform," including: surveillance system monitor; addresser; and order clerk (Step 5) (Tr. 18-19). Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*.

## IV.     PLAINTIFF'S CLAIMS

Plaintiff presents five claims for this court's review: (1) "[w]hether the ALJ erred by failing to properly consider Dr. Zweig's medical source opinion;" (2) "[w]hether the ALJ erred by failing to properly apply the pain standard;" (3) "[w]hether the ALJ's finding that Plaintiff can work on a full time basis is not supported by substantial evidence;" (4) "[w]hether the ALJ erred as a matter of law in failing to provide a complete hypothetical to the vocational expert;" and (5) "[w]hether the ALJ failed to properly evaluate Plaintiff's visual impairments." Pl.'s Brief (Doc. #12) at 4-14. The court will address these claims below.

### A.     *Whether the ALJ erred by failing to properly consider Dr. Zweig's medical source opinion.*

In this first claim, Plaintiff argues that the ALJ erred in either failing to properly consider Dr. Zweig's medical opinion, or to properly articulate his reasons for rejecting Zweig's opinion. Plaintiff is correct that, generally, a treating physician's opinion is given substantial or considerable weight. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In addition, if an ALJ rejects a treating physician's opinion, which the ALJ may do, he must clearly articulate his reasons for doing so. *Id*.

Plaintiff argues that the ALJ failed to discuss or discredit the medical leave form completed by Dr. Zweig, in which the doctor opined that Plaintiff needed "continuous leave" from her current employment. Plaintiff contends that, although the ALJ's opinion discusses

6

Dr. Zweig's treatment notes, it fails to make mention of this medical leave form, and thus, there is insufficient information for this court to review the ALJ's decision.

However, the problem with this argument is that the ALJ's decision was consistent with Dr. Zweig's opinion. Dr. Zweig's opinion that Plaintiff should be on continuous leave from her position at Wal-Mart is consistent with the ALJ's determination that Plaintiff could not perform past relevant work, *see* (Tr. 18), and that Plaintiff only retained the RFC to perform a reduced range of sedentary work. Accordingly, there was no rejection of Dr. Zweig's opinion and no merit to Plaintiff's claim.

### B.     *Whether the ALJ erred by failing to properly apply the pain standard.*

Here, Plaintiff argues that the ALJ failed to properly apply the standard for evaluating pain as set forth by the Court of Appeals for the Eleventh Circuit. Pl.'s Brief (Doc. #12) at 6-8. The Court of Appeals for the Eleventh Circuit has articulated its pain standard, governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

The ALJ properly applied this pain standard to Plaintiff's claims and found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the

alleged symptoms." (Tr. 16). Plaintiff centers her argument around the medical evidence she presented in support of her condition of plantar fibromatosis and argues that it supports a finding of a medically determinable impairment that could reasonably be expected to cause the alleged symptom of pain. As stated above, the ALJ agreed and determined that Plaintiff met the pain standard; thus, Plaintiff's arguments are misdirected. However, the analysis does not end there. After a claimant meets the pain standard, the ALJ then turns to the question of the credibility of Plaintiff's subjective complaints. *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

In this case, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the symptoms of pain] are not credible to the extent they are inconsistent with the above" RFC, and that "while the record contains evidence of the existence of these impairments, the objectively demonstrable evidence of record fails to support that the claimant is as impaired as she alleged." (Tr. 16 & 17). The ALJ made this determination because: (1) no "credible treating or consultive physician has opined that the claimant was disabled because of any physical condition or from any resulting symptoms;" (2) Plaintiff's testimony of her daily activities, including self-care, cooking, laundry, visiting, and playing games on the computer; (3) the clinical findings of "normal;" and (4) Plaintiff's apparent successful surgery for plantar fibromatosis and Dr. Vanderzyl's examination. (Tr. 16-17).

The ALJ also pointed to the "paucity" of medical evidence in the case and discounted

Plaintiff's arguments that this was due to a lack of health insurance, by pointing to the free community clinics in Plaintiff's community and citing to SSR 82-59, which provides that:

> Under circumstances such as those described below, an individual's failure to follow prescribed treatment will be generally accepted as "justifiable" and, therefore, such "failure" would not preclude a finding of "disability" or that disability continues.
>
> . . .
>
> The individual is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable.

The ALJ stated that there was no evidence in the record that Plaintiff sought treatment from any of the community clinics, or "even inquired about the availability of such treatment." (Tr. 17). While Plaintiff points to record evidence to suggest that she did seek community treatment, those records do not indicate she sought treatment for any pain related to her plantar fibromatosis. In fact, the Newton Family Health records show that on her first visit, she complained of a stiff neck and sometimes suffering from pain in her arm. (Tr. 288). The report goes on to say that Plaintiff indicated to the examiner that her disability hearing related to asthma, obesity, and depression, but makes no mention of pain. *Id*. The report concludes that there is no pain to palpation of Plaintiff's rotator cuff. *Id*. On her second visit, Plaintiff received a "Pap test," routine breast exam, and asked for a flu shot, but the report is silent as to pain. (Tr. 287).

Further, the ALJ found that, as to the remaining allegations, those "conditions are controlled with medication." (Tr. 17). Accordingly, the ALJ found Plaintiff's complaints

9

to be incredible. Upon a review of the ALJ's decision, this court finds that the ALJ did indeed follow the proper procedure as outlined in this Circuit for the evaluation of subjective complaints of pain, and that the ALJ's findings with respect to Plaintiff's credibility are supported by substantial evidence. The question is not whether or not Plaintiff suffered pain. Rather, whether she suffered disabling pain. Plaintiff is unable to point to credible evidence that supports her argument that due to disabling pain she could not perform work consistent with the RFC, and this court finds no error in the ALJ's determination.

### C. *Whether the ALJ's finding that Plaintiff can work on a full time basis is not supported by substantial evidence.*

In this section, Plaintiff argues that it was error for the ALJ to conclude that Plaintiff could work a regular forty-hour week. Plaintiff's argument is based on Dr. Zweig's recommendation that Plaintiff's hours be reduced to thirty-five hours per week, and Dr. Wezner's opinion that she be approved for intermittent working for four hours at a time. Plaintiff contends that the ALJ inappropriately relied on consultive physician Dr. Vanderzyl's opinion over those of treating physicians Dr. Zweig and Dr. Wezner's.

As with the first issue, Plaintiff's argument is without merit. Dr. Zweig's and Dr. Wezner's opinions related to Plaintiff's past relevant work, which the ALJ determined Plaintiff could not perform. *See* (Tr. 18). Their opinions related to Plaintiff's ability to stand for long periods of time and are adequately addressed in the RFC determination that Plaintiff could only perform a reduced range of sedentary work. Accordingly, there was no rejection

of Dr. Zweig's and Dr. Wezner's opinions and, hence, no merit to Plaintiff's claim.

> **D.     *Whether the ALJ erred as a matter of law in failing to provide a complete hypothetical to the vocational expert.***

Plaintiff argues that, because the ALJ gave determinative weight to Dr. Vanderzyl and failed to include all of the limitations expressed by Dr. Vanderzyl in the hypothetical posed to the VE, the hypothetical was incomplete. Plaintiff is correct that "[i]n order for a vocational expert's ["VE"] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002). However, "[t]he ALJ is not required to include findings in the hypothetical that he properly finds are unsupported." *Arrington v. Soc. Sec. Admin.* 358 F. App'x 89, 85 (11th Cir. 2009) (*citing Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Plaintiff specifically complains that the ALJ failed to include Dr. Vanderzyl's opinion that Plaintiff can never balance and could only occasionally climb ramps or stairs. *See* (Tr. 276). However, as the Commissioner points out, the ALJ clearly rejected this portion of Dr. Vanderzyl's assessment when he determined the RFC, which, rather oddly, was consistent with Dr. Vanderzyl's opinion that Plaintiff did not need an assistive device for ambulation. *See* (Tr. 274). Accordingly, because the ALJ determined that Plaintiff did not suffer from a balancing problem, he was not required to include the limitation in the hypothetical.

Further, even if the ALJ erred in failing to include a balancing limitation, the error

was rendered moot by the ALJ's determination that Plaintiff could only perform a reduced range of sedentary work. As the Commissioner rightly states, "[t]he representative sedentary jobs identified by the vocational expert and accepted by the ALJ do not require balancing." Def.'s Brief (Doc. #13) at 14; *see Dictionary of Occupational Titles*, §§ 379.367-010 (surveillance system monitor), 209.587-010 (addresser), and 249.362-026 (order clerk); *see also, Turner v. Astrue*, 09cv867, Doc. #15 at 24-25 (M.D. Al, June 30, 2010) (ALJ's failure to include "stooping" in RFC was harmless error where available jobs described by VE did not require "stooping.").

### E. *Whether the ALJ failed to properly evaluate Plaintiff's visual impairments.*

In this final section, Plaintiff argues that the ALJ failed to develop or consider Plaintiff's visual limitations. Plaintiff is correct that an ALJ has a duty to develop a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Nevertheless, the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim." *Id*. Here, Plaintiff merely offers her own testimony in support of her claim of impaired vision. However, Plaintiff's testimony alone is not sufficient. *See* 20 C.F.R. §§ 404.1508 and 404.1527 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."). This is especially true here, because the Plaintiff gave inconsistent testimony regarding her vision. While Plaintiff

testified to some vision problems,[5] she also testified that her daily activities involved watching television, reading the bible and newspaper, and playing computer games. (Tr. 33-35).

Plaintiff provided insufficient evidence to support any claim of a vision limitation, and the ALJ had no duty to develop a vision claim on Plaintiff's behalf.

## V.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED.  A separate judgment will issue.

DONE this 29th day of October, 2010.

>  /s/ Wallace Capel, Jr.
> WALLACE CAPEL, JR.
> UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff stated that she was "like far sighted." (Tr. 31)